UNITED STATE DISTRICT COURT
for the
Western District of Michigan

FILED - GR
August 9, 2018 2:45 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _mkc_   SCANNED BY /mee 8/10/18

| | |
|---|---|
| MALIBU MEDIA, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.   18-CV-00120 |
| v. ) | |
| ) | Honorable Robert J. Jonker |
| JEFF VOS or JEFFREY SCOTT VOS ) | |
| ) | |
| (Alleged) Defendant(s). ) | |
| ) | |

By Jeffrey Scott Vos:

Party in interest and intervener acting Without Prejudice on behalf of jeffrey scott vos, a free, living and UNINCORPORATED MAN (see attached Affidavit) and beneficiary of the public trust created by the preamble to the Constitution for these united States of America.

### DEMAND FOR DISMISSAL AND GRANTING OF RESPONDENT'S SUBROGATION AND COUNTER CLAIM, IN THE NATURE OF A RULE 12(b)2&6 MOTION TO DISMISS.

NOW COMES, the alleged Defendant, Jeffrey Scott Vos, appearing specially, and NOT generally, to Move the above court and the Honorable Robert J. Jonker to dismiss the Plaintiff's Complaint in it's entirety including but not limited to all Claims for Relief and Grant Jeffrey Scott Vos his right to Subrogation and Counter Claim for money damages for Plaintiff's failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)2&6.

### THE FACTS

The alleged Defendant, jeffrey scott vos, is presented by the Plaintiff as if the alleged Defendant is in fact a Private for Profit corporation, just as the "Honorable Robert J. Jonker" and the "**UNITED STATE DISTRICT COURT** for the Western District of Michigan" are in Law

and Fact, Private for Profit corporations. Yet, Plaintiff has provided no evidence that the living man, jeffrey scott vos, has ever incorporated the name, JEFFREY SCOTT VOS, or any derivation thereof in this or any other state of the union. Nor, has the actual party in interest, that is a living soul (individual), been named and appeared to state a claim against the living man, jeffrey scott vos, as, **"A corporation cannot sue or otherwise contend with a natural, living man or woman."** See **Rundle v. Delaware**, 55 U.S. 80, (1852).

That the Plaintiff, Malibu Media LLC, openly admits that it is a Private for Profit corporation. A Corporation that has according to its' own Complaint on page two, paragraph 6, *"filed over 1,000 cases . . . ."* claiming corporate status in those cases. Yet, wrongly captions his Complaint by naming a non-corporate individual as the Defendant in the above captioned matter and at paragraph 9 among others.

Further, Plaintiff, Malibu Media LLC, offers no verified evidence, certified or not, that the alleged Defendant infringed on Malibu Media's copyrighted material by downloading and/or distributing anything from Malibu Media LLC; stating only that on certain dates and times something was downloaded somewhere in the Holland, Michigan area. Nor, has Plaintiff offered any proof whatsoever that the alleged Defendant infringed on any of the Plaintiff's copyrighted pornographic movies as alleged in paragraph 2 among others.

Furthermore, Plaintiff's investigative agent, IPP International U.G. in Exhibit A or B failed to establish any direct and verified connection with the alleged Defendant or the location of any equipment with the 162.194.96.146 IP Address, as in a sworn Affidavit by an employee/agent of IPP International U.P. And, under a **Factual Background** on page 2, Plaintiff without any verified, factual basis states the conclusion that the alleged defendant *"Used the BitTorrent File Distribution Network to infringe Plaintiff's Copyrights"*. And, at paragraph 18 IPP International U.G. makes another critical error in alleging that the computer they connected with was actually at the alleged Defendants location and in his control at the time when the alleged connection was made without any first person testimony in corroboration.

Paragraph's 19 through 22 of Plaintiffs complaint further elaborates on the theory that the alleged Defendant had something to do with Plaintiff's copyrighted pornographic material using

2

phrases such as "*confirmed through independent calculation*" in paragraph 20 without stating by whom and how did said calculation confirm anything. Or, at paragraph 21 that an alleged verified digital copy was either identical or maybe "*strikingly similar or substantially similar*" but not the same as Plaintiff's copyrighted property.

Paragraph 23 of Plaintiff's Complaint is total baseless conjecture without a shred of proof upon which any of it can be established, nor verified on or by Plaintiff's Exhibits A and B. And, all allegations as set forth in the above mentioned paragraphs culminates in paragraph 25 with the outlandish statement declaring that the above unfounded assumptions somehow rise to the level of evidence without the benefit of any first person testimony regarding same. But, the evidence is clear that it is the Plaintiff that is a habitual infringer of those it erroneously attacks. And, the federal courts have long been aware of Malibu Medias using the court system for what amounts to an extortion racket. As federal Judge Otis Wright stated in Malibu Media, LLC v. John Does 1 through 10, 12-3632, 2012 WL 53832304, at *3–4 (C.D. Cal. June 27, 2012):

> "The Court is familiar with lawsuits like this one. These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff."

and,

> "The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an **extortion scheme**, for a case that plaintiff has no intention of bringing to trial." (Emphasis Added)

## CONCLUSION

Plaintiff has offered the court absolutely nothing other than unsubstantiated allegations, all of which are without any first person verification. The first allegation is that the alleged Defendant is a corporation and the second is that the alleged Defendant actually had anything to do with the alleged downloading, infringement and distribution of Plaintiff's copyrighted material. All of which are not verified by a sworn Affidavit; and for that reason the court is

3

directed to dismiss the Plaintiff's action under Rule 12(b)2&6 for lack of jurisdiction over the non-corporate person of the alleged Defendant, and for failure to state a claim upon which relief can be granted by the above captioned court.

## ALLEGED DEFENDANT'S SUBROGATION AND COUNTER CLAIM

This alleged Defendant claims a factual basis for his demand that the Plaintiff honor his Subrogation request and that this court also honor said Defendant's Counter Claim as herein described. Jeffrey Scott Vos enters upon the record his sworn statement (attached Affidavit) regarding his political status, and lack of knowledge regarding any downloading, copyright infringement and/or distribution of the pornographic materials named in Plaintiff's Complaint.

**THEREFORE**, the alleged Defendant, by and through Jeffrey Scott Vos, directs the herein corporate United States District Court to grant this alleged Defendants previously filed claims included herein by reference and to have the full force and effect under the Law and Facts as declared and stated in my "**ASSEVERATION OF STATUS AND REVOCATION OF ANY AND ALL STATE (GOVERNMENTAL) ASSUMED AND PRESUMED POWER(S) OF ATTORNEY**" Recorded June 10, 1993 in Ottawa county (Liber 1725, Page 803-04). And my above mentioned Affidavit declaring my non-corporate status, lack of knowledge of any downloading, infringement and/or distribution of Malibu Media, LLC copyrighted material; and my Right to Subrogation of all bonds, promises, etc. and the granting of my Counter Claim in the amount of One Million United States Dollars ($1,000,000.00), plus a triple punitive amount and plus costs. And, that a full accounting be made by the Plaintiff, Malibu Media, LLC regarding the amounts collected from all such similar suits filed in the past 10 years.

Dated: *August 9, 2018*.

_____
Jeffrey Scott Vos